IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KAREN LEE MATAR,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of<br>Social Security<br><br>    Defendant. | CV 17-144-BLG-SPW-TJC<br><br><br>**ORDER** |

On March 18, 2019 this Court reversed the decision of the Administrative

Law Judge ("ALJ") in this matter, and remanded the case for further administrative

proceedings. (Doc. 15.) Thereafter, Plaintiff requested attorney fees in the amount

of $5,169.27, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412(d). (Doc. 17.) The Commissioner opposes Plaintiff's request. (Doc. 18.)

The Commissioner does not contest that Plaintiff is entitled to EAJA fees, but

argues the amount requested is unreasonable. The Commissioner asserts Plaintiff's

counsel's request should be reduced because counsel billed for clerical tasks, used

block-billing, and argued based on a conceded misstatement of fact. The

Commissioner proposes a 10% reduction, resulting in award of $4,652.34.

Under the EAJA, the Court may award "reasonable attorney fees" to the

prevailing party "unless the court finds that the position of the United States was

1

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); (d)(2)(A). The Ninth Circuit has stated that a presumption arises under the EAJA "that fees will be awarded to prevailing parties . . . ." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The EAJA further provides that the prevailing party must submit an application for fees and other expenses that includes "an itemized statement" from the attorney that shows "the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C.A. § 2412(d)(1)(B).

Here, the Court finds Plaintiff's counsel's fee request is reasonable. Although some of Plaintiff's counsel's billing entries are in block format, the Court finds they are specific enough to allow the Court to assess whether the amount billed was reasonable. Further, the Court does not find that Plaintiff's counsel excessively billed for clerical tasks. Finally, the Court notes that the record and the parties' briefing in this case was replete with errors. (*See* Doc. 15 at 2, n.1; 3, n.2; 10-11; 12; 14.) Given the state of the record, the Court does not find Plaintiff's counsel's inaccurate briefing warrants a reduction in fees.

Plaintiff is the prevailing party and is an individual whose net worth does not exceed $2,000,000.00. 28 U.S.C. § 2412(d)(2)(B). Plaintiff requests attorney's fees in the amount of $5,169.27 reflecting 8.75 hours worked at the rate of $196.79

per hour, and 17.10 hours worked at the rate of $201.60 per hour.  The Court finds

the hourly rates are reasonable, as is the number of attorney hours expended.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application for

Award of EAJA Fees and Costs is GRANTED.

Defendant must promptly pay Plaintiff's counsel fees in the amount of

$5,169.27.

**IT IS ORDERED**.

DATED this 7th day of October, 2019.

_____

TIMOTHY J. CAVAN
United States Magistrate Judge